

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Department of Agriculture
Austin, Texas

Gentlemen:

ATTENTION:  W. S. Russey

Opinion No. O-2951
Re:  Proper method of ranking,
stewing or piling wood of
various lengths in order
to constitute a legal cord.

This will acknowledge receipt of your letter of
November 25, 1940, requesting the opinion of this depart-
ment "advising the proper method for ranking, stewing or
piling wood of various lengths for measurement to determine
the amount necessary to constitute a legal cord."

In this connection, you state that:

"The term 'cord' is commonly used in the sale of
wood and the above quotation is the only definition
of the term cord which we find in the statutes.
You will note that in the above definition it is
not specified whether wood should be ranked and well
stowed or just how it should be arranged in a space
containing 128 cubic feet to determine the amount
necessary to constitute a cord.

"It is the universal custom throughout the state
in the measurement of 'cord wood' or wood which is
cut in four foot lengths that it be ranked and well
stowed for measuring purposes; however, the custom
employed in measuring wood of shorter lengths varies
considerably in different localities.

"In some markets it is the custom that all
lengths of wood be ranked well and stowed for meas-
urement, while in other markets, it is customary

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Department of Agriculture, Page 2

that four foot wood should be so measured but wood cut in lengths of two feet, sixteen inches or one foot be measured by throwing such wood irregularly into a truck bed or box containing 128 cubic feet, considering the amount of wood necessary to fill this space when thrown irregularly into same to be a cord.

"A cord of four foot wood ranked and well stowed will probably not measure more than 100 to 110 cubic feet after being cut into two foot lengths and ranked and well stowed. If this same cord of wood can be cut into one foot lengths it will probably not measure more than 80 to 90 cubic feet when ranked and well stowed. If the one cord of four foot wood ranked and well stowed is cut into two foot lengths and thrown irregularly into a truck bed or box containing 128 cubic feet, it will probably fill the truck bed or box heaping full, while if the same cord of wood is cut into one foot lengths and thrown irregularly into a truck bed or box containing 128 cubic feet, it will lack several cubic feet of filling same. It is therefore clear to see that the length of wood and the way it is placed in a pile makes a lot of difference in the amount of wood which a space of 128 cubic feet will contain."

Article 5734 of Vernon's Annotated Civil Statutes, as amended, reads in part as follows:

"Whenever any commodity is sold by the cord it shall mean 128 cubic feet, or the contents of a space eight feet long, four feet wide and four feet high. . . ."

It would be difficult indeed to answer your question categorically. It is highly improbable that any rule of thumb may now be set forth that will guide your department in all of the many fact situations it may be faced with.

Department of Agriculture, Page 3


As stated in Sacks v. State, 83 Tex. Cr. R. 56, 204 S.W. 430:

"A cord of wood is 'a measurement of wood containing 128 cubic feet.' 9 Cyc. 977. It is otherwise expressed as a pile of wood eight feet long, four feet high, and four feet wide, which would make, of course, 128 cubic feet.

". . . The law does not require that in order to ascertain that a quantity of wood is a cord it shall be piled eight feet long, four feet high, and four feet wide, but any other measurement or pile that contains a full cord will be all that was necessary and would be sufficient."

It follows and you are advised that the only legal measurement given by the statutes for the determination of whether any amount of a commodity constitutes a cord is whether or not that commodity will fill the contents of a space containing 128 cubic feet. Insofar as wood or any other commodity is concerned the law is silent as to the length into which it should be cut to determine whether or not there is a cord. Nor does the law require that any particular method be employed, such as piling the material in stacks eight feet long, four feet wide, and four feet high. Any measurement or means (for example, a wagon box) may be employed if that instrumentality will measure a full cord of the commodity.

Regardless of the lengths of wood, when sold by the cord, the law will require that the stacks or piles be well ranked and well stowed, otherwise, it could not be measured. If, for example, the parties contract for a cord of wood cut in lengths of two feet the wood must when well ranked and stowed fill to a reasonable degree of certainty a space containing 128 cubic feet. The same will be true if the contract is for wood cut in four foot lengths. Hence we say that each case must depend upon the terms of the agreement of the parties, and care must be taken to distinguish fact situations such as we have mentioned from a situation where, for example, a cord of four feet length wood is bought and sold, the seller to cut the wood for the buyer into two foot lengths. While we must judicially recognize that a

Department of Agriculture, Page 4

cord of wood cut in four foot lengths will not measure a cord when cut into shorter lengths, in the case suggested the parties had by hypothesis contracted for a cord of wood in four foot lengths to be cut by the vendor into two foot lengths. No complaint for false measurement could be predicated upon such facts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jas. D. Smullen
Assistant

JDS:js

APPROVED JAN 7, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN